# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

JASMINE LEWIS and LENNIE LEWIS,

                    Plaintiffs,

     v.                                         Case No. 08-CV-985

CONSUMER FIRST PROPERTIES,
WILLIAM GUY CEKOSH,
FIRST WEBER CORPORATION,

                    Defendants.

_____

## ORDER

On November 17, 2008, plaintiff Jasmine Lewis ("plaintiff")[1] filed a *pro se* Complaint (Docket #1) against the above-named defendants. In that complaint, plaintiff alleged that sometime during 2005, plaintiff, in need of a method to refinance her home, entered into a "lease option to buy" contract with defendants William Guy Cekosh ("Cekosh") and Cekosh's company, Consumer First Properties. She claimed that the terms of the contract were for her to sell the home to Cekosh, who would then rent it out to plaintiff's tenants (the rent going to Cekosh) and then Cekosh would later sell the home back to plaintiff.[2] She asserted that Cekosh breached that contract with her in 2006 when he refused to allow her to repurchase the home. She further alleged that she is a black female, Mr. Cekosh refused to entertain her offer to purchase the home, and that the home remained available,

---

[1] The caption of the case lists a "Ms. Lennie Lewis" as a plaintiff, yet it is unclear who this person is, or what claims she may have against any of the defendants.

[2] Unfortunately, plaintiff did not attach a copy of this contract to her complaint.

thus stating a prima facie claim under 42 U.S.C. § 3604. Within her complaint, she also alleged a violation of 42 U.S.C. § 3604 by a Mr. Slinker, a First Weber Real estate agent employed by Cekosh to sell the home. She did not, however, list Slinker as a defendant.

Cekosh filed his answer on December 9, 2008. On December 15, 2008, First Weber Corporation filed a Motion to Dismiss, Motion to Dismiss Party (Docket #4). This party, First Weber Corporation, is actually First Weber Group, Inc., and had no involvement in any of the events giving rise to plaintiff's claim. Plaintiff mistakenly thought that First Weber Group, Inc. was Slinker's employer; however, Slinker apparently works for First Weber Group, Inc. Southeastern Wisconsin – a wholly separate legal entity from First Weber Group, Inc. First Weber Group, Inc. thus moved the court to dismiss it from this action.

Plaintiff thereafter filed a Motion to Amend (Docket #7). In that motion she requests that the court dismiss First Weber Group, Inc. from this action, and allow her to amend her complaint. She seeks leave to amend the complaint so as to add the following defendants: Chris Slinker (real estate agent for First Weber), First Weber Real-Estate Corporation Greater Milwaukee Southeastern District, and Nicole and Rose Bostrom (real-estate agents for First Weber). Plaintiff also asks leave to amend "William Guy Cekosh" to "Guy William Cekosh."

The court agrees that First Weber Group, Inc. should be dismissed. Accordingly, this request will be granted. The court also finds no obstacle to plaintiff adding Chris Slinker as a defendant, or with plaintiff correcting Cekosh's name in the

caption. However, several other issues with plaintiff's motion remain. At the outset, the court notes that plaintiff has failed to comply with Civil Local Rule 15.1, which states: "Any party submitting a motion to amend must attach to the motion the original of the proposed amended pleading. Any amendment to a pleading . . . must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Civ. L.R. 15.1. Here, plaintiff has lumped her motion to amend and her amended pleading in a single document. This creates undue confusion and burden on defendants as well as the court; accordingly, the court cannot at this time grant plaintiff's motion to amend. Furthermore, plaintiff has not pled any facts that would support adding First Weber Real-Estate Corporation Greater Milwaukee Southeastern District, or Nicole and Rose Bostrom, as defendants.

If plaintiff would like to amend her complaint, she should file a motion to amend explaining the reason(s) she would like to amend. The plaintiff should also attach her amended complaint. If leave to amend is granted, that amended complaint will become the governing complaint for this case; both her original complaint and the proposed amended complaint now before the court will be superseded by that document. Plaintiff should set out facts explaining which defendants engaged in which actions, and plaintiff should not include parties as defendants unless plaintiff is alleging that she has a claim against that specific party. Likewise, plaintiff should not include a party as a plaintiff unless she is alleging that that party has an articulable claim against a named defendant. If plaintiff is bringing

-3-

a breach of contract claim, she should also attach a copy of the contract forming the basis of that claim. Lastly, plaintiff must be cognizant of the fact that the pleading must put defendants on notice as to what claims are being alleged. This will require that plaintiff take greater care in both the organization and the proof-reading of her subsequent filings, as her previous filings have been borderline incomprehensible.

The court wants to make it clear that, although it is denying plaintiff's present motion to amend, it is doing so without prejudice. Plaintiff is free to file another motion to amend, so long as it comports with the guidance the court has laid out above.

Accordingly,

**IT IS ORDERED** that First Weber Group, Inc.'s Motion to Dismiss, Motion to Dismiss Party (Docket #4) be and the same is hereby **GRANTED** in part – to the extent that First Weber Group, Inc. is dismissed from this action – and **DENIED** in part – to the extent of any additional relief sought in that motion;

**IT IS FURTHER ORDERED** that plaintiff's Motion to Amend/Correct (Docket #7) be and the same is hereby **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin, this 18th day of May, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-4-