# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

JASMINE C. LEWIS and LENNIE V. LEWIS,

        Plaintiffs,

    v.                                           Case No. 08-CV-985

CONSUMER FIRST PROPERTIES and
WILLIAM GUY CEKOSH,

        Defendants.

_____

# ORDER

On November 17, 2008, plaintiffs filed a pro se complaint against three defendants: Consumer First Properties ("Consumer First"), William Guy Cekosh ("Cekosh"), and First Weber Group, Inc. (which plaintiff erroneously labeled "First Weber Corporation"). First Weber Group, Inc. filed a Motion to Dismiss (Docket #4), stating that plaintiff had sued the wrong party, and that it was a distinct entity from the party plaintiff intended to sue, which was First Weber Group, Inc., Southeastern Wisconsin. Plaintiffs filed a Motion to Amend (Docket #7) stating that First Weber Group Inc, should be dismissed, and proposing to amend their complaint to add the following defendants: Chris Slinker, Nicole Bostrom, Rose Bostrom, and First Weber Real-Estate Corporation Greater Milwaukee Southeastern District. However, due to technical and substantive deficiencies in plaintiffs' proposed amended complaint, the court was obliged to deny plaintiffs' motion to amend. The court did, however, dismiss First Weber Group, Inc., and the court also informed plaintiffs that their

motion to amend was being denied without prejudice, and the court instructed plaintiffs how to properly proceed with filing a proposed amended complaint.

Pending the filing of an amended complaint, the court withheld issuing its standard Rule 26 Order directing the parties to conduct a Rule 26 conference and to submit a proposed scheduling order. After two months passed without plaintiffs seeking to amend, the court issued its Rule 26 Order. In that Order the court directed the parties to confer and to submit to the court a proposed scheduling order by no later than August 14, 2009. The parties apparently failed to follow those directions, as they have not conferred, and they have not filed a proposed scheduling order.

Presently before the court is a letter from Cekosh (Docket #10), and a Motion requesting pretrial conference (Docket #12) filed by plaintiffs. Both these filings indicate several misunderstandings. This order provides a clarification of these issues.

Plaintiffs' motion states that in accordance with the court's Rule 26 Order, plaintiff has contacted First Weber Realty. The court notes, however, that First Weber Realty is not a party to this action. First Weber Group, Inc. was dismissed from this action, and no other entity was ever formally substituted. Plaintiff had the option to amend her complaint so as to add whatever other entity she may have a legitimate complaint against; however it appears she chose not to do so. Thus, only

Consumer First[1] and Cekosh are defendants in this action. Any attempt to conduct settlement or scheduling discussions with any other parties is wholly misguided.

Plaintiffs' motion also states that they have attempted to contact Cekosh, but that their letters have been returned as undeliverable. The court's file lists Cekosh's address as: 6421 W. Wisconsin Avenue, Milwaukee, WI 53213; if that address is incorrect, Cekosh is directed to contact the clerk's office and provide a current address at which he receives mail.

Cekosh's letter also evidences misunderstandings. First, this action is pending in the U.S. District Court, not a Magistrate's Court. Second, Cekosh's opinions as to the merits of plaintiffs' complaint do not relieve him of his obligation to comply with court orders. Plaintiffs filed a complaint stating a claim against Cekosh for violation of 42 U.S.C. § 3604. If Cekosh believes that plaintiffs' claim is meritless, he is free to move for summary judgment at any time, consistent with the Federal Rules of Civil Procedure 56(b). Third, Cekosh appears to believe that his discharge of debts in bankruptcy courts resolves the matter before this court. However, the action pending in this court relates to plaintiffs' claims that Cekosh violated federal anti-discrimination laws. This is not an issue that ordinarily would have been addressed in Cekosh's bankruptcy action. Fourth, Cekosh appears to believe that the fact that his name appears incorrectly in the docket renders plaintiffs' claims ineffectual. It does not. It appears that Cekosh's name is "Guy William

---

[1] Consumer First appears to have been wholly owned by Cekosh. According to Cekosh, Consumer First has been dissolved.

Cekosh," not "William Guy Cekosh" – as plaintiffs suggest. This is merely a misnomer, in that Cekosh is the correct party, plaintiffs merely misstated his name. In Wisconsin:

> The general rule is that if the misnomer or misdescription does not leave in doubt the identity of the party intended to be sued, or, even where there is room for doubt as to identity, if service of process is made on the party intended to be sued, the misnomer or misdescription may be corrected by amendment at any stage of the suit, or even after judgment, and a judgment taken by default is enforceable.

*Hoesley v. La Crosse VFW Chapter*, 175 N.W.2d 214, 215 (Wis. 1970) (quoting 42 Am. Jur., Process, p. 22, sec. 21). Therefore, Cekosh is mistaken to think that the inadvertent inversing of his first and middle name is fatal to plaintiffs' complaint.

The court understands that the parties are proceeding pro se, and the court has accorded the parties a substantial degree of leniency because of that fact. However, the court's procedural and substantive rules nonetheless do "apply to uncounseled litigants and must be enforced." *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998). Furthermore, pro se status certainly does not entitle a party to refuse to comply with the directions of this court, such as the court's instructions as to the parties' obligations to confer and submit a proposed scheduling order.

The court will give the parties one more opportunity to comply with the previously issued Rule 26 Order, dated July 8, 2009. The court will extend the deadline to comply with that order to November 25, 2009. If the task of complying with that Order proves overwhelming to the parties, they may jointly request a scheduling conference before the court. However, the court strongly notes that such

a conference would be purely limited to the topic of scheduling, the court would not entertain arguments as to the merits of the case at such a hearing.

Accordingly,

**IT IS ORDERED** that the parties comply with the Court's Order dated July 8, 2009 (Docket #9) on or before **November 25, 2009**.

Dated at Milwaukee, Wisconsin, this 28th day of October, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge