UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

JASMINE C. LEWIS,

        Plaintiff,

v.                                                    Case No. 08-CV-985

GUY WILLIAM CEKOSH,

        Defendant.
_____

## ORDER

On November 17, 2008, pro se plaintiff Jasmine Lewis[1] ("Lewis") filed a pro se complaint against defendant Guy Cekosh ("Cekosh"). Lewis alleged that she had entered into a lease to purchase contract with Cekosh, wherein she would sell her home to Cekosh, he would rent it back to her, and then at a later date he would sell the home back to Lewis. She claimed that he breached the contract in 2006 when he refused to allow her to repurchase the home. She further alleged that she is a black female, Mr. Cekosh refused to entertain her offer to purchase the home, and that the home remained available. The court, therefore, in its Order dated May 18, 2009, explained that Lewis had made a prima facie claim against Cekosh under 42 U.S.C. § 3604.

Because both parties initially appeared pro se, the litigation progressed in a very disjointed fashion. One area in which there was confusion on the part of

---

[1] The docket lists a second plaintiff, Lennie Lewis; however Lennie Lewis has not asserted any claims against defendant.

Cekosh was the effect that his bankruptcy filing had on Lewis's claims. It appeared that Cekosh believed that any claims Lewis had against him had been discharged as part of his bankruptcy proceeding. The court explained in its Order dated October 28, 2009, that Lewis's claim brought under § 3604 would likely not have been affected by Cekosh's bankruptcy proceedings.

On March 12, 2010, Cekosh, through counsel, moved for summary judgment. In support of his motion, Cekosh demonstrated that Lewis's claims alleged in her complaint in this case were listed in Schedule F of the Schedule of Debts that Cekosh filed in his Chapter 7 bankruptcy proceedings. (Cekosh Aff. [Dkt. #27], Ex. B). Cekosh's unopposed findings of fact[2] establish that Lewis was duly notified of Cekosh's bankruptcy filing, and that she failed to file a complaint to determine the non-dischargeability of the debts associated with her claims, and that she failed to object to the granting of a discharge of debts in Cekosh's bankruptcy. (Cekosh PFF [Dkt. #28] ¶¶ 3, 5).

On March 30, 2009, Cekosh's debts were discharged under section 727 of Title 11, the U.S. Bankruptcy Code. (Cekosh Aff., Ex. E). According to 11 U.S.C. § 524:

---

[2] Cekosh's motion for summary judgment included all the disclosures required by Fed. R. Civ. P. 56 and Civil L.R. 56 when filing for summary judgment against a pro se litigant. Thus, Lewis was on notice that if she failed to oppose Cekosh's proposed findings of fact, the court would adopt those facts. Because she did fail to oppose Cekosh's proposed facts, the court hereby adopts those facts and will rely upon them in reaching its decision. *See Salvadori v. Franklin School Dist.*, 221 F. Supp. 2d 957, 960 (E.D. Wis. 2001) ("Because the plaintiff has not contested any of the factual findings proposed by the defendants as contemplated under Local Rule 56.2, the court is permitted to conclude that the facts, as identified by the defendants in their proposed findings of fact, are undisputed." (citing *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921-22 (7th Cir. 1994)).

2

> (a) A discharge in a case under [Title 11] –
>
> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 . . . of this title, whether or not discharge of such debt is waived; [and]
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]

11 U.S.C. § 524(a)(1) & (2). Thus, it is clear that Cekosh is entitled to summary judgment as to Lewis's breach of contract claim, because he listed such claim on his schedule of debts, notified Lewis of the bankruptcy proceedings, and was granted a discharge by the bankruptcy court without objection from Lewis. Any debt associated with Lewis's breach of contract claim was thereby discharged.

The court, however, is not convinced that the same can be said for Lewis's racial discrimination claim. Though Cekosh listed Lewis's claims in his schedule of debts, he merely listed the claims as: "civil claim, USDC E.D. Wis. 08-cv-985." The court has no way of knowing whether the bankruptcy court knew or analyzed the fact that the listed "civil claim" included a claim for racial discrimination. This is important, because according to 28 U.S.C. § 157:

> (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

3

> (2) Core proceedings include, but are not limited to –
>
> (A) matters concerning the administration of the estate;
>
> (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 *but not the liquidation or estimation of contingent or unliquidated personal injury tort* or wrongful death claims against the estate for purposes of distribution in a case under title 11.

28 U.S.C. § 157 (b)(1) & (2)(A) & (B) (emphasis added). Additionally, 28 U.S.C. § 157(b)(5) states that:

> The district court shall order that *personal injury tort* and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

Id. (emphasis added). The above cited provisions of 28 U.S.C. § 157 make it clear that personal tort injury claims are not within the subject matter jurisdiction of a bankruptcy court, and such claims must be tried in the district court. *See In the Matter of Grabill Corp.*, 967 F.2d 1152, 1153 (7th Cir.1992) ("Section 157(b)(5) requires that such actions be tried in the district court.").

Neither Title 28 nor Title 11 expressly define the phrase "personal injury tort claim." "As a result, courts have disagreed as to what constitutes a 'personal injury tort claim,' adopting one of three diverging views." *In re Arnold*, 407 B.R. 849, 851-52 (Bankr. M.D. N.C. 2009). "Courts adopting the narrowest definition of the term hold that a personal injury tort claim requires an actual physical injury." *Id.* at 852. Courts at the other end of the spectrum, those adopting the most expansive view,

4

find that the term "embraces a broad category of private or civil wrongs or injuries for which a court provides a remedy in the form of an action for damages, and includes damage to an individual's person and any invasion of personal rights, such as libel, slander and mental suffering." *In re Boyer* 93 B.R. 313, 317 (Bankr. N.D. N.Y. 1988) (citing BLACK'S LAW DICTIONARY 707, 1335 (5th ed. 1979)). Courts adhering to the middle ground approach "look[] to whether a claim falls within the purview of a personal injury tort claim under the expansive view, yet retain[] bankruptcy jurisdiction over the claim if it has 'earmarks of a financial, business or property tort claim, or a contract claim.'" *In re Arnold*, 407 B.R. at 852 (quoting *Ice Cream Liquidation, Inc.*, 281 B.R. 154, 161 (Bankr. D. Conn. 2002)).

Accordingly, certain courts classify racial discrimination claims as "personal injury tort claims." *See In re Erickson*, 330 B.R. 346, 349 (Bankr. D. Conn. 2005) (holding that employment discrimination on the basis of race, creed, disability, or sex is a personal injury tort); *Thomas v. Adams (In re Gary Brew Enterprises, Ltd.)*, 198 B.R. 616, 620 (Bankr. S.D. Cal.1996) (holding that racial discrimination is a personal injury tort); *see also Boyer v. Balanoff (In re Boyer)*, 93 B.R. 313, 318 (Bankr. N.D. N.Y. 1988) (holding that a civil rights deprivation is a personal injury tort). Other courts do not classify a discrimination claim as a "personal injury tort claim". *See In re Cohen*, 107 B.R. 453, 455 (S.D. N.Y. 1989) (holding that racial discrimination is not a personal injury tort); *In re Atron Inc. of Michigan*, 172 B.R. 541, 545 (Bankr. W.D. Mich.1994) (holding that racial discrimination is not a personal injury tort); *In*

5

*the Matter of Interco, Inc.*, 135 B.R. 359, 362 (Bankr. E.D. Mo.1991) (holding that age discrimination is not a personal injury tort); *see also Vinci v. Town of Carmel (In re Vinci)*, 108 B.R. 439, 442 (Bankr. S.D. N.Y. 1989) (holding that claims under 42 U.S.C. § 1983 are not personal injury tort claims).

If Lewis's discrimination claim is a "personal injury tort claim" then the bankruptcy court was without jurisdiction to discharge any debt arising therefrom. If it was not a "personal injury tort claim" then the debt is discharged and Cekosh is entitled to summary judgment as to that claim as well. Unfortunately, despite the fact that this court, in its Order dated October 28, 2009, informed Cekosh that it was unsure of the effect of his bankruptcy proceedings on Lewis's discrimination claim, Cekosh nonetheless failed to even address the issue in his motion for summary judgment. Indeed, all of the above analysis is a direct result of the court's own research; Cekosh offered zero guidance as to whether the bankruptcy court had jurisdiction over Lewis's discrimination claim. He did not even acknowledge that it is an issue that the court must consider. Cekosh was either hoping that the court was so ignorant as to the law that it would fail to realize that the racial discrimination claim might not have been dischargeable,[3] or that the court was so well versed in bankruptcy law that it would know which of the three above explained approaches is followed in this district (or should be adopted if the issue has not yet been

---

[3] A hope that is completely nonsensical given the fact that the court already identified the matter as a potential hurdle.

6

addressed in this district).[4]  Or, perhaps Cekosh was hoping that the court, though aware of the issue, and though unaware of how it should be resolved, would singlehandedly conduct all of the research necessary to resolve the motion without any input from the parties.  Unfortunately for Cekosh, this court is not in the business of doing the parties' work for them.[5]  It is Cekosh's burden to demonstrate that he is entitled to summary judgment on Lewis's racial discrimination claim.  He has not done so.

The court must, therefore, deny Cekosh's motion for summary judgment as to Lewis's racial discrimination claim.  Additionally, Lewis has filed a motion requesting a pretrial conference.  The parties still have several weeks before the dispositive motion deadline expires, thus, there is no reason to schedule a pretrial conference at this time.

Accordingly,

**IT IS ORDERED** that defendant's Motion for Summary Judgment (Docket #25) be and the same is hereby **GRANTED** as to plaintiff's breach of contract claim, and **DENIED** as to plaintiff's racial discrimination claim; and

---

[4] A hope that is also completely nonsensical given the fact that the court already expressed its uncertainty on the matter.

[5] In fact, if there is not a clear standard in this district as to whether racial discrimination claims are considered "personal injury tort claims" then it would certainly not be optimal for the court to attempt to resolve the case on its own without the parties' input.  It may well be that Cekosh can sufficiently refute Lewis's prima facie discrimination claim, in which case it would certainly be preferential to resolve the case on facts, than for the court to rule on the legal question of the classification of racial discrimination claims, when such ruling could have precedential effects on later parties who may be capable of offering more considered arguments as to that legal question.

7

**IT IS ORDERED** that plaintiff's Motion Requesting a Pretrial Conference (Docket #12) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of May, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge