# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

JASMINE C. LEWIS and LENNIE V. LEWIS,

        Plaintiffs,

v.                                                    Case No. 08-CV-985

CONSUMER FIRST PROPERTIES and
GUY WILLIAM CEKOSH,

        Defendants.

_____

# ORDER

On November 17, 2008, pro se plaintiff Jasmine Lewis[1] ("Lewis") filed a pro se complaint against defendant Guy Cekosh ("Cekosh"). Lewis alleged that she had entered into a lease to purchase contract with Cekosh, wherein she would sell her home to Cekosh, he would rent it back to her, and then at a later date he would sell the home back to Lewis. She claimed that he breached the contract in 2006 when he refused to allow her to repurchase the home. She further alleged that she is a black female, Mr. Cekosh refused to entertain her offer to purchase the home, and that the home remained available. The court, therefore, in its Order dated May 18, 2009, explained that Lewis had made a prima facie claim against Cekosh under 42 U.S.C. § 3604 – a racial discrimination claim.

---

[1] The docket lists a second plaintiff, Lennie Lewis; however Lennie Lewis has not asserted any claims against defendant.

On March 12, 2010, Cekosh, through counsel, moved for summary judgment. (Docket #25). In support of his motion, Cekosh demonstrated that Lewis's claims alleged in her complaint in this case were listed in Schedule F of the Schedule of Debts that Cekosh filed in his Chapter 7 bankruptcy proceedings. (Cekosh Aff. [Docket #27], Ex. B). Cekosh's unopposed findings of fact[2] establish that Lewis was duly notified of Cekosh's bankruptcy filing, and that she failed to file a complaint to determine the non-dischargeability of the debts associated with her claims, and that she failed to object to the granting of a discharge of debts in Cekosh's bankruptcy. (Cekosh PFF [Dkt #28] ¶¶ 3, 5). On March 30, 2009, Cekosh's debts were discharged under section 727 of Title 11, the U.S. Bankruptcy Code. (Cekosh Aff.,

---

[2]Cekosh's motion for summary judgment included all the disclosures required by Fed. R. Civ. P. 56 and Civil L.R. 56 when filing for summary judgment against a pro se litigant. Thus, Lewis was on notice that if she failed to oppose Cekosh's proposed findings of fact, the court would adopt those facts. Because she did fail to oppose Cekosh's proposed facts, the court adopted those facts and relied upon them in reaching its decision. *See Salvadori v. Franklin School Dist.*, 221 F. Supp. 2d 957, 960 (E.D. Wis. 2001) ("Because the plaintiff has not contested any of the factual findings proposed by the defendants as contemplated under Local Rule 56.2, the court is permitted to conclude that the facts, as identified by the defendants in their proposed findings of fact, are undisputed." (citing *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921-22 (7th Cir. 1994)). In his motion for reconsideration of summary judgment, Cekosh adopted the same proposed findings of fact filed with the court and delivered to the plaintiff at the time of the defendant's original motion. Cekosh again included all the disclosures required by Fed. R. Civ. P. 56 and Civil L.R. 56 with his most recent filing. Therefore, Lewis was put on notice a second time, that if she failed to oppose Cekosh's proposed findings of fact, the court would adopt those facts. Because she did fail to oppose Cekosh's proposed facts, the court adopts those fact and will rely upon them in reaching its decision.

Ex. E).³ Accordingly, the court granted Cekosh summary judgment as to Lewis's breach of contract claim, because he listed such claim on his schedule of debts, notified Lewis of the bankruptcy proceedings, and was granted a discharge by the bankruptcy court without objection from Lewis. Therefore, any debt associated with Lewis's breach of contract claim was thereby discharged.

On the other hand, the court denied Cekosh's motion for summary judgment as to Lewis's racial discrimination claim. The court noted its uncertainty as to the effect of Cekosh's bankruptcy proceeding on Lewis's discrimination claim. Specifically, the court sought guidance as to whether Lewis's discrimination claim was discharged through the bankruptcy proceedings. Because Cekosh failed to address the issue in his motion for summary judgment, the court found he had not met his burden to demonstrate that he was entitled to summary judgment on the racial discrimination claim. On July 14, 2010, Cekosh filed a Motion for Reconsideration of Summary Judgment (Docket #32). In this motion he requests

---

³According to 11 U.S.C. § 524:

> (a) A discharge in a case under [Title 11] –
>
> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 . . . of this title, whether or not discharge of such debt is waived; [and]
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]

11 U.S.C. § 524(a)(1) & (2).

that the court reconsider his summary judgment motion as to Lewis's discrimination claim. Cekosh asserts that though the court was correct in its May 21, 2010 order that the Bankruptcy Court likely did not have jurisdiction to "hear and determine" the viability or value of Lewis's discrimination claim, the Bankruptcy Court did have jurisdiction to determine the dischargeability of the claim. Accordingly, the court will reconsider the defendant's motion for summary judgment.

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate where the movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Material facts" are those facts which "might affect the outcome of the suit," and a material fact is "genuine" if a reasonable finder of fact could find in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate where a party has failed to make "a showing sufficient to establish the existence of an element essential to that party's case and on which the party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 317. There is no genuine issue of material fact in this case. Therefore, the court will focus its inquiry on whether Cekosh is entitled to judgment as a matter of law.

## B. Classification of Lewis's Racial Discrimination Claim

Federal statute 28 U.S.C. § 157 provides that bankruptcy judges may "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." According to the statute:

> (2) Core proceedings include, but are not limited to –
>
> (A) matters concerning the administration of the estate;
>
> (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 *but not the liquidation or estimation of contingent or unliquidated personal injury tort* or wrongful death claims against the estate for purposes of distribution in a case under title 11.

28 U.S.C. § 157 (b)(1) & (2)(A) & (B) (emphasis added). Additionally, 28 U.S.C. § 157(b)(5) states that:

> The district court shall order that *personal injury tort* and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

*Id.* (emphasis added). The above cited provisions of 28 U.S.C. § 157 make it clear that personal tort injury claims are not within the subject matter jurisdiction of a bankruptcy court, and such claims must be tried in the district court. *See In the Matter of Grabil Corp.*, 967 F.2d 1152, 1153 (7th Cir. 1992). Neither Title 28 nor Title 11 expressly define the phrase "personal injury tort claim." As a result, courts have disagreed as to what constitutes "personal injury tort claim." Furthermore,

courts also disagree over whether racial discrimination claims should be classified as "personal injury tort claims." The Seventh Circuit case law is unclear on this issue.

In its earlier summary judgment decision, the court expressed frustration over Cekosh's failure to address how the discrimination claim should be classified. The court noted that if Lewis's discrimination claim was a "personal injury tort claim" then the bankruptcy court would not have jurisdiction to discharge any debt arising therefrom. In contrast, the court recognized that if it was not a "personal injury tort claim" then the debt was discharged and Cekosh would be entitled to summary judgment as to that claim.

In his motion for reconsideration, Cekosh addresses the issue by claiming that classification of Lewis's discrimination claim is irrelevant because Lewis failed to exercise her affirmative duty under the bankruptcy code to request a hearing for the court to determine the debt's dischargeability. Cekosh reasons that, as a result of Lewis's failure to act, the discrimination claim was discharged in the bankruptcy proceedings. Thus, he contends that the issue for the court is not whether the bankruptcy court had authority to "hear and determine" the case, but rather whether the bankruptcy court may "discharge" a debt or a claim (regardless of the dischargeable nature of the claim) when the creditor fails to act. After a review of the applicable case law and provisions of U.S. Bankruptcy Code, the court determines that Cekosh's framing of the issue is correct. For the reasons set forth below, the court is obliged to grant Cekosh's motion.

**C. Determination of Dischargeability and its Effect on Lewis's Discrimination Claim**

Dischargeability determinations are core proceedings under the bankruptcy code. *Brown v. Felsen*, 442 U.S. 127, 135, 99 S.Ct. 2205, 2211, 60 L.Ed.2d 767 (1979); *In re Perry*, 111 B.R. 861, 862 (Bankr. C.D. Cal. 1990); *In re Donnelly*, 92 B.R. 8 (Bankr. D. R.I. 1988); *In re Bursh*, 14 B.R. 702, 704 (Bankr.D.Az.1981). Therefore, a bankruptcy court has the authority to determine the dischargeability of a debt or claim. *See* 28 U.S.C. § 157.

Subject to certain exceptions, the filing of a Chapter 7 petition in bankruptcy permits a debtor to be discharged from all debts that have arisen before the date of the order for relief. *See* 11 U.S.C. § 727(b). Section 523 of the Bankruptcy Code enumerates these exceptions and provides the mechanism for invoking these exceptions:

> (a)  A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –
>
> (3)  neither listed nor scheduled under section 521 (1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit –
>
> (A)  if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
>
> (B)  if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such

paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

11 U.S.C. § 523(a). Thus, while some debts are excepted from discharge in bankruptcy, including personal injury tort claims, the creditor must have requested a determination of dischargeability and the bankruptcy court must have, after notice and a hearing, ruled that the debt was excepted from discharge.[4] If the creditor fails to take action, the debt is discharged. The reasoning for such a rule has been explained as follows:

> [T]he holder of such a claim cannot sit back in the bankruptcy case, do nothing, and then, after bankruptcy, raise the question of the dischargeability of the claim in some nonbankruptcy forum. If the holder of such a claim fails to raise the question of dischargeability in the bankruptcy court within the time fixed by the Federal Rules of Bankruptcy Procedure, the claim will be discharged regardless of how good a case the holder of the claim might have on the merits, and the creditor can never again raise the issue of the dischargeability of that claim in any other forum.

*McDermott v. Best*, No. 93 C 20139, 1995 WL 330639, at *1 (N.D.Ill. June 2, 1995) (quoting 1 Robert E. Ginsberg & Robert D. Martin, Bankruptcy: Text, Statutes, Rules § 11.07[a], at 11-139 (3d ed. 1990)).

Accordingly, regardless of how Lewis's claim is classified,[5] as long as the debt was listed or scheduled pursuant to section 521(1), with the name of the creditor and

---

[4]Bankruptcy Rule 4007 sets forth the procedure for determination of the dischargeability of a debt, and requires the filing of a complaint by the creditor.

[5]As Cekosh points out in his supporting memorandum, Lewis's discrimination claim could arguably be considered an excepted claim for "willful and malicious injury by the debtor," pursuant to 11 U.S.C. § 532(a)(6). However, the court will refrain from a direct classification of the claim at this time.

in time to permit timely filing of a proof of claim or a timely request for a determination of dischargeability of the debt under one of the exceptions, the debt *shall* be (and indeed was) discharged under 11 U.S.C. § 727. The court has found that Lewis was duly notified of Cekosh's bankruptcy filing.[6] The court has also found that Lewis failed to file a complaint to determine the non-dischargeability of the debt associated with her discrimination claim and failed to object to the granting of a discharge of debts in Cekosh's bankruptcy. (Order 2)(Docket #31); (Cekosh PFF [Docket #28] ¶¶ 3, 5). Therefore, it appears that Lewis's discrimination claim was properly discharged by the bankruptcy court. As a consequence, under the bankruptcy court's order of discharge, Lewis's discrimination claim against Cekosh in the present case is void and Lewis is enjoined from proceeding. 11 U.S.C. § 524.

Further supporting the fact that Lewis had an affirmative duty to act to have her claim declared non-dischargeable can be found in 11 U.S.C. § 523(c)(1) which provides:

> Except as provided in subsection (a)(3)(B) of this section [discussed above], the debtor *shall be discharged* from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, *unless, on request of the creditor to whom such debt is owed*, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

11 U.S.C. § 523(c)(1). (emphasis added). Additionally, courts have held that though a claim, such as a personal injury action, may be classified as a non-core

---

[6]Cekosh properly listed and notified Lewis pursuant to § 521(1).

proceeding, bankruptcy courts are still at liberty to make a determination of the claim's dischargeability – which is a core proceeding under the bankruptcy code. *See In re Donnelly*, 92 B.R. 8 (Bankr. D. R.I. 1988) ("The fact that the personal injury action itself may be a non-core proceeding is not relative to a determination of its dischargeability, which is a core proceeding under the Code"); *In re Price*, 871 F.2d 97, 98 (9th Cir. 1989) ("Thus, while certain debts are not dischargeable in bankruptcy, it is incumbent on the creditor to institute an action to have the debt declared exempt from the bankruptcy proceedings, provided that he has notice or actual knowledge that the debtor is in bankruptcy. If the creditor fails to act, the debt is discharged.").

In conclusion, the court finds that the bankruptcy court had jurisdiction to determine whether Lewis's discrimination claim was dischargeable, no matter its classification. Therefore, the court agrees with Cekosh that it is irrelevant whether Lewis's discrimination claim is characterized as a personal injury tort claim or not. Furthermore, because Lewis failed to dispute the bankruptcy court's discharge of the claim, the debt was properly discharged. As such, Lewis's discrimination claim is void and Cekosh is entitled to summary judgment as to this claim.

Accordingly,

**IT IS ORDERED** that defendant's Motion for Reconsideration of Summary Judgment (Docket #32) be and the same is hereby **GRANTED** as to plaintiff's racial

discrimination claim, and that this action be and the same is hereby **DISMISSED** on its merits together with costs as taxed by the clerk of the court.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 17th day of November, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge